JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROSEMARY ROUSSAW

**DEFENDANTS**

MASTERY CHARTER SCHOOLS, ET AL.

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SCHATZ & STEINBERG, P.C.
1500 JFK BLVD., SUITE 1300, PHILA, PA 19102
(215)845-0250

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. § 1681 et seq.; 42 U.S.C. §1983

Brief description of cause:
EDUCATION/CIVIL RIGHTS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE 4-1-2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 6316 E. Wister Street, Philadelphia, PA 19138 _____

Address of Defendant: _____ 5700 Wayne Avenue, Philadelphia, PA 19144 _____

Place of Accident, Incident or Transaction: _____ 5650 Sprague Street, Philadelphia, PA 19138 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-1-2019     _____ Attorney-at-Law / Pro Se Plaintiff _____     84509
Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Steven J. Schatz, Esquire _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 4-1-2019     _____ Attorney-at-Law / Pro Se Plaintiff _____     84509
Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Rosemary Roussaw : CIVIL ACTION

v. :

Mastery Charter Schools, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)        (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| 4/1-2019 | Steven J. Schatz | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (215) 845-0250 | (215) 845-0255 | sschatz@52firm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSEMARY ROUSSAW | : | |
| As Legal Guardian of A.J., A Minor | : | |
| 6316 E. Wister St. | : | CIVIL ACTION |
| Philadelphia, Pennsylvania 19138 | : | |
| | : | NO. |
| **Plaintiff,** | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| MASTERY CHARTER SCHOOLS | : | |
| 5700 Wayne Avenue | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| and | : | |
| | : | |
| MASTERY CHARTER SCHOOL | : | |
| PASTORIUS-RICHARDSON ELEMENTARY | : | |
| f/k/a   FRANCIS D. PASTORIUS- | : | |
|            MASTERY CHARTER SCHOOL | : | |
| 5650 Sprague Street | : | |
| Philadelphia, PA 19138 | : | |
| | : | |
| and | : | |
| | : | |
| SCOTT GORDON, in his official and individual | : | |
| capacities | : | |
| 5700 Wayne Avenue | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| and | : | |
| | : | |
| HILLARY MESERVE, in her official and | : | |
| individual capacities | : | |
| 5700 Wayne Avenue | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| and | : | |
| | : | |
| ERIC LANGSTON, in his official and individual | : | |
| capacities | : | |
| 5700 Wayne Avenue | : | |
| Philadelphia, PA 19144 | : | |
| | : | |

1

and                                        :
                                           :
**MICHAEL PATRON, in his official and**    :
**individual capacities**                  :
**5700 Wayne Avenue**                      :
**Philadelphia, PA 19144**                 :
                                           :
                           **Defendants.** :
_____        :

## COMPLAINT

### NATURE OF THIS ACTION

1.       On May 27, 2016, a thirteen year-old girl in 7th grade, A.J., was sexually assaulted

by another student at Pastorius-Richardson Elementary School in Philadelphia. A video of the

sexual assault was circulated among students and staff at the School. Despite the fact that there

had been multiple previous incidents of sexual harassment and assault at the School, the United

States Department of Education, which investigated the incident, determined that the School

failed to enact and employ even the most basic of safeguards and procedures to prevent and

respond to such incidents, as required by federal law. The School and its administrators sought

to deflect blame for their own failures and made the determination, based on a bogus and faulty

investigation, that the sexual incident was consented to by the thirteen year-old girl and blamed

her for the incident, further victimizing her in the process. As a result, A.J.'s grandmother and

legal guardian, Rosemary Roussaw, brings this lawsuit against Defendants and seeks damages

for the severe and devastating harm caused to her granddaughter, pursuant to Title IX of the

Education Amendments of 1972, 20 U.S.C. §1681, the Civil Rights Act of 1866, 42 U.S.C.

§1983, as well as common law claims for intentional infliction of emotional distress and breach

of fiduciary duty.

2

## PARTIES

2.      Plaintiff Rosemary Roussaw ("Ms. Roussaw" or "Plaintiff") is the legal guardian and grandmother of A.J., a minor, residing at 6316 East Wister Street, Philadelphia, PA 19138. A.J. was born on February 28, 2003 and, at all times relevant hereto, was a thirteen (13) year old, female, seventh grade student at Francis D. Pastorius Mastery Charter School.

3.      Defendant, Mastery Charter Schools (hereinafter "Mastery"), is a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Mastery is the owner and operator of 24 charter schools in Pennsylvania and New Jersey, serving approximately 14,000 students and employing more than 1,700 employees.  Its principal place of business is located at 5700 Wayne Avenue, Philadelphia, PA 19144.

4.      Defendant, Mastery Charter School Pastorius-Richardson Elementary, formerly known as Francis D. Pastorius- Mastery Charter School (hereinafter "Pastorius" or "the School"), is a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania.  At all times relevant hereto, Pastorius had approximately 600 students in kindergarten through 8th grade and was/is owned and operated by Defendant Mastery Charter Schools.   Pastorius is located at 5650 Sprague Street, Philadelphia, PA 19138.

5.      Defendant, Scott Gordon, is an adult individual residing within the Commonwealth of Pennsylvania who, at all times relevant hereto, served as Chief Executive Officer of Defendant Mastery Charter Schools and was acting under color of state law.  As CEO of Mastery, at all times relevant hereto, Defendant Gordon oversaw and was primarily responsible for all customs, policies and procedures of Mastery and the School, including with respect to the requirements of Title IX.

3

6.     Defendant, Hillary Meserve, is an adult individual residing within the Commonwealth of Pennsylvania who, at all times relevant hereto, served as Principal of Defendant Pastorius and was acting under color of state law.

7.     Defendant, Eric Langston, is an adult individual residing within the Commonwealth of Pennsylvania who, at all times relevant hereto, served as Principal and/or Assistant Principal of Defendant Pastorius and was acting under color of state law.

8.     Defendant, Michael Patron ("Patron"), is an adult individual residing within the Commonwealth of Pennsylvania who, at all times relevant hereto, served as Director of Compliance of Defendant Mastery Charter Schools and was acting under color of state law.  At all times relevant hereto, Patron was responsible for ensuring Mastery and the School's compliance with the requirements of Title IX.

9.     At all times relevant hereto, Ms. Roussaw was also employed as a crossing guard outside of the School.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiffs' claims for relief under 28 U.S.C. §§1331, 1337, 1343, 2201, and 2202, since those claims are based in part on violations of and arise under the laws of the United States, including the United States Constitution, 42 U.S.C. § 1983, and Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, and its implementing regulation, 34 C.F.R. Part 106.

11.     Jurisdiction is also invoked pursuant to 28 U.S.C. §1367 granting this Court supplemental or pendent jurisdiction over the state law claims asserted under the common law of the Commonwealth of Pennsylvania, including legal claims for breach of fiduciary duty and intentional infliction of emotional distress, because the state claims and federal claims are so

4

interrelated that they are the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391 (b) and (c) since Plaintiffs and Defendant reside in the Eastern District of Pennsylvania and since a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Pennsylvania.

## THE SEXUAL ASSAULT

13.     On May 27, 2016, at Pastorius, A.J. was approached by a male, 15 year-old student in eighth grade ("R.H."), in the School auditorium.  R.H. asked A.J. if he could have sex with her, to which A.J. responded: "No."  Thereafter, R.H. persisted to which A.J. responded "I can't.  I never did this before."  R.H. continued to persist by saying "it's ok." R.H. then pulled up A.J.'s dress, pulled down her underwear and had sexual intercourse with A.J.

14.     A.J. did not consent to having sexual intercourse with R.H. through her words or conduct and, at the age of 13, did not otherwise have the legal capacity to give her consent.

15.     Following the sexual assault, R.H. threatened A.J. and told her that "you better not tell anybody" about this.

16.     Unbeknownst to A.J. at the time of the sexual assault, R.H. recorded a video on his cell phone depicting him having sexual intercourse with A.J.

17.     A.J. was fearful and ashamed and did not say anything to anyone about the sexual assault by R.H.

18.     Defendant Langston, the learned of the existence of the video on May 27, 2016- the same day that the sexual assault occurred.

19.     Defendant Langston claimed to have conducted an investigation of the video upon learning of its existence, but he did not contact Ms. Roussaw about the video and the sexual encounter involving A.J. until June 9, 2016, *thirteen days after* her learned of the video.

20.     The video was distributed among multiple students at the School, without A.J. or Plaintiff's knowledge.

21.     The School's Principal, Defendant Hillary Meserve, admitted that she learned of the sexual incident "about a week later" when she was shown "a video of the incident on a student's cell phone that Mr. Langston showed me."

22.     On June 9, 2016, Ms. Roussaw was called to come to the School to meet with Defendant Langston.  When she arrived in the School, she witnessed Defendant Langston showing the video on his cell phone to other individuals that were gathered around him.  He then showed the video to Ms. Roussaw and told her that he had been in possession of the video for "about a week."  Ms. Roussaw was devastated and distraught.  Defendant Langston then brought Ms. Roussaw into a meeting in a conference room at the School with A.J., R.H., R.H's father, Ms. Roussaw's two daughters.  Ms. Roussaw was questioned at the School by police officers who were called in by the School to investigate.

23.     Defendants callously dismissed the incident as "consensual," notwithstanding the fact that A.J. was only thirteen years old and stated that she told R.H. "no."

24.     Despite Defendants' conclusion that A.J. had consented to sexual intercourse (even though she was only thirteen years old and stated that she told R.H. "No"), Defendants acknowledged that A.J. did not consent to the videotaping.

25.     Although she was a victim of sexual assault, Defendants Langston and Meserve determined that A.J. should be suspended and was not permitted to return to School for the remainder of the school year.

26.     A.J. was forced to switch schools and is now in tenth grade at Martin Luther King, Jr. High School in Philadelphia.

## PRIOR SEXUAL ASSAULTS AT MASTERY

27.     Prior to the sexual assault of A.J., there were multiple sexual harassment and assault incidents at Mastery Schools that were known to Defendants, going back to 2008 or earlier.

28.     In 2008, as reported by the *Philadelphia Inquirer*, two eighth grade students engaged in sexual intercourse in the stairwell of the school, resulting in the expulsion of the male student.  It was reported that the male student's mother "said a school employee told her that sexual activity is so rampant among some students that girls have been found with sexual contracts stipulating to whom they wanted to lose their virginity."

29.     Earlier in 2016, only months prior to the sexual assault on A.J., a 13 year-old, seventh grade student was sexually assaulted in the lunchroom at Pastorius Elementary.  This incident was known to other students, staff and members of the School community.

30.     Despite the multitude of incidents of sexual misconduct and violence occurring at the School, all of which were known to other students, staff and members of the School community, Defendants failed to take prompt and effective steps to address the sexual violence among its children and the hostile environment to which they were exposed.

## INVESTIGATION OF THE SEXUAL ASSAULT BY THE U.S. DEPARTMENT OF EDUCATION, OFFICE OF CIVIL RIGHTS

31.     The United States Department of Education, Office of Civil Rights (OCR)

conducted an investigation of the sexual assault against A.J. at the School, and identified

multiple significant deficiencies and areas of non-compliance with Title IX.

32.     OCR determined that at the time of the sexual assault on A.J., Defendants did not

have a Title IX Coordinator; did not have any grievance procedures as required by Title IX; did

not have any policies or procedures for investigating reports of sexual assault or discrimination at

the School; did not have any policies or procedures in place to address sexual assault or

discrimination apart from its normal disciplinary policies and procedures; did not have any

policies or procedures in place for reporting about sexual assault or discrimination at the School;

did not provide any training to its students, administration, teachers and staff with respect to

sexual assault or discrimination as required by Title IX; and did not maintain records of incidents

of sexual assault or harassment.

33.     OCR further determined, in part, the following:

> Our investigation found that there were two separate incidents that
> constituted conduct of a sexual nature that should have triggered an investigation
> under Title IX: (1) the sexual encounter in the auditorium between the Student
> [A.J.] and the Responding Party [R.H.]; and (2) the Responding Party videotaping
> the sexual encounter in the auditorium without the Student's consent. *Our
> investigation found, however, that neither the Principal nor the Assistant
> Principal invoked Title IX during their investigation into each of these incidents.*
> Our investigation found that the video constituted conduct of a sexual
> nature and that the Assistant Principal immediately took action to investigate the
> video once he had notice of it. Mastery's written statement to OCR and the
> Student's witness statement indicate that the student did not consent to being
> videotaped; thus the evidence shows that the videotaping was unwelcome.
> However, *the evidence does not show that the School made a determination
> regarding whether the video created a sexually hostile environment for the
> Student, as required by Title IX.* Further, OCR has concerns because there is no
> indication that the School disciplined the Responding Party for his role in taking
> the video without the Student's consent or that the School took steps to provide
> services such as counseling to the Student as a result of her being videotaped
> without her consent and having that video distribute without her consent.

With respect to the sexual encounter, *our investigation found that the School did not consider Title IX in its investigation of the incident because, based on the facts it uncovered during its investigation (i.e. the video and information obtained from the Student, the Responding Party, and the Student's family members), it determined that the encounter was consensual and as such, did not constitute sexual harassment or sexual violence*… (*emphasis added*).

34.     In December 2017, Mastery Charter School and the United States Department of Education entered into a Resolution Agreement, in which Mastery acknowledged the multiple significant deficiencies and areas of non-compliance with Title IX, and agreed to do the following:

- Submit to the OCR for its review and approval draft Title IX grievance procedures to address complaints of sex discrimination (including sexual assault and sexual violence);

- Adopt and implement procedures and provide all students, parents/guardians and employees with written notice regarding the new grievance procedures for resolving Title IX complaints together with information on how to obtain a copy of the grievance procedures;

- Submit to the OCR for its review and approval a draft notice of nondiscrimination pursuant to 34 C.F.R. §106.9;

- Adopt and implement the notice of nondiscrimination and provide all students, parents/guardians and employees with written notice regarding the new notice of nondiscrimination;

- Develop and provide Title IX training to its Title IX Coordinator and any other Mastery employees who will be directly involved in processing, investigating and/or resolving complaints of sex discrimination (including sexual harassment) or who will otherwise assist in Mastery's compliance with Title IX;

- Provide Title IX training to all Mastery staff who interact with students on a regular basis;

- Issue a written offer to pay for A.J.'s counseling/academic/therapy services for the assessment and/or treatment of the lingering effects from the [sexual assault];

- Develop a centralized record-keeping process for documenting and tracking complaints of sexual harassment, including sexual assault; and

- Prepare a report summarizing all incidents alleging sexual harassment, including sexual assault, investigated at the School during the proceeding academic year.

## DAMAGES

35.     As a result of the sexual assault and Defendants' deliberate indifference to A.J.'s rights, including the Defendants' publication and circulation of the video depicting the sexual assault, A.J. has suffered severe, life-altering and catastrophic damages, including Post Traumatic Stress Disorder, Major Depressive Disorder, anxiety, emotional distress, fear, embarrassment, humiliation and other severe developmental, psychiatric, social and emotional problems.

36.     These problems experienced by A.J. have manifested themselves in very serious and life-threatening ways, necessitating long-term and emergency medical and psychiatric treatment and behavioral therapy.

## COUNT I

**VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972**
**20 U.S.C. § 1681 *et seq.***
**Plaintiff v. Defendants Mastery and Pastorius**

37.     Plaintiff restates and realleges the above preceding paragraphs as though set forth here in full.

38.     Title IX of the Education Amendments of 1972 (Title IX) enacted broad

prohibition against sex discrimination and harassment by a school receiving federal financial

assistance, providing in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).

39.     Defendants own and operate a public charter school that receives federal financial

assistance, and is therefore subject to the requirements of Title IX.

40.     Defendants were deliberately indifferent to the sexual harassment and assault

against A.J.

41.     The sexual harassment and assault against A.J., as well as other incidents of

sexual harassment and assault of which Defendants had actual knowledge, was severe, pervasive

and objectively offensive.

42.     The sexual harassment and assault against A.J. created a hostile environment at

the School and interfered with A.J's ability to participate in and benefit from the School's

educational program.

43.     Defendant's inappropriate and pathetic response to the sexual harassment and

assault against A.J. further created a hostile environment for A.J.

44.     Defendants had an official policy of deliberate indifference to providing adequate

training or guidance that is obviously necessary for investigating and responding to reports of

sexual discrimination, harassment and assault.

45.      Defendants' lack of training and guidance with respect to sexual harassment and discrimination made students, including A.J., especially vulnerable to sexual harassment and discrimination at Defendants' school.

46.      Defendants' failure to investigate and take corrective measures in response to the sexual assault and harassment of A.J. at the School was clearly unreasonable in light of the circumstances known to the School.

47.      Defendants had actual knowledge of prior incidents of sexual assault and harassment at the School and took no or insufficient action to implement trainings or policies to protect students from this known and foreseeable risk.

48.      Despite the legal obligation to do so, Defendants did not designate or employ a Title IX Coordinator to coordinate efforts to comply with and carry out its responsibilities under Title IX, as required by Title IX's implementing regulation at 34 C.F.R. § 106.8(a).

49.      Despite the legal obligation to do so, Defendants enacted no grievance procedures to address complaints of sex discrimination (including sexual assault and sexual violence), as required by Title IX's implementing regulation at 34 C.F.R. § 106.8(b).

50.      Despite the legal obligation to do so, Defendants did not communicate a Notice of Nondiscrimination to notify students, parents, guardians and employees that the School does not discriminate on the basis of sex and referring inquiries to the School's Title IX Coordinator, as required by 34 C.F.R. § 106.9.

51.      Despite the legal obligation to do so, Defendants did not develop or provide any training with respect to sex discrimination (including sexual assault and sexual violence) to its Title IX Coordinator or any other employees or personnel.

12

52.     Despite the legal obligation to do so, Defendants did not develop or maintain any record-keeping process for documenting and tracking incidents or complaints of sex discrimination, including sexual assault and sexual violence.

53.     The described unlawful practices by Defendants were intentional, deliberate, willful and were with malice or reckless indifference to Plaintiffs' rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

54.     Defendant's breaches of their legal obligations under Title IX directly lead to the sexual discrimination and assault on A.J., and has resulted in severe, life-altering and catastrophic damages.

WHEREFORE, Plaintiff Rosemary Roussaw, as legal guardian of A.J., A Minor, demands judgment in her favor and against Defendants and requests an award of damages including, but not limited to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted by law and as this court deems just and appropriate.

## COUNT II

**VIOLATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION and THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983**
**Plaintiff v. All Defendants**

55.     Plaintiff restates and realleges the above preceding paragraphs as though set forth here in full.

56.     A.J. has a right, guaranteed by the Fourteenth Amendment of the United States Constitution, as a public school student under the care and supervision of Defendants, to be free from sexual discrimination, harassment and assault, personal security, bodily integrity and Equal Protection under the law.

57.     All Defendants were state actors and/or were acting under color of state law.

13

58.     Sexual discrimination, harassment and assault is a serious and prevalent problem in public schools, including specifically at Pastorius and Mastery Schools, that requires a level of training, education and preparation that is commensurate with the harm that such conduct causes to victims, schools and communities.

59.     Defendants were deliberately indifferent to the problems and obvious risks of harm associated with the serious and prevalent problems of sexual discrimination, harassment and assault at Pastorius, and created and maintained a policy and custom of inadequate training, supervision, reporting, investigation, record keeping, and response to address the serious problems that lead to sexual discrimination, harassment and assault of students.

60.     Defendants had notice of previous incidents of sexual discrimination, harassment and assault of students at the School at failed to take reasonable and appropriate measures to provide training, supervision, reporting, investigation, record keeping, and response to prevent and respond to future incidents of sexual discrimination, harassment and assault of students at the School.

61.     Defendants deliberate indifference to the need for training, supervision, reporting, investigation, record keeping, and response was so obvious and deficient, it was foreseeable and likely to result in the violation of students' rights, including specifically A.J.

62.     Defendants created and maintained a policy, custom and practice that were inadequate to providing training or guidance and for investigating and responding to reports of sexual discrimination, harassment and assault at the School.

63.     Defendants created and maintained a policy, custom and practice that were inadequate to allow for appropriate reporting of sexual discrimination, harassment and assault at the School.

64.     Defendants created and maintained a policy, custom and practice that were inadequate to monitor and supervise students to prevent incidents of sexual discrimination, harassment and assault at the School.

65.     Defendants created and maintained a policy, custom and practice that were inadequate to provide emotional support, counseling and a safe environment for victims of sexual discrimination, harassment and assault at the School.

66.     Defendants created and maintained a policy, custom and practice of blaming victims of sexual discrimination, harassment and assault at the School.

67.     Defendants were not appropriately trained on reporting incidents of sexual discrimination, harassment and assault at the School.

68.     Defendants were not appropriately trained to address and respond to incidents of sexual discrimination, harassment and assault at the School.

69.     Defendants were not appropriately trained to identify incidents of sexual discrimination, harassment and assault at the School.

70.     The inadequate policies, customs and practices created and maintained by Defendants directly lead to the sexual discrimination and assault on A.J., and has resulted in severe, life-altering and catastrophic damages.

WHEREFORE, Plaintiff Rosemary Roussaw, as legal guardian of A.J., A Minor, demands judgment in her favor and against Defendants and requests an award of damages including, but not limited to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted by law and as this court deems just and appropriate.

15

**COUNT III**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Plaintiff v. All Individual Defendants**

71.     Plaintiff restates and realleges the above preceding paragraphs as though set forth here in full.

72.     Defendants acted recklessly or intentionally by discriminating against A.J. failing to timely and appropriately responding to threats to A.J. safety.

73.     Defendants acted recklessly or intentionally by allowing for and facilitating the distribution and publication of the video depicting the sexual assault of A.J.

74.     Defendants' conduct was extreme and outrageous, especially considering that the School holds itself out to its students, families and the public as a safe environment for children.

75.     As a direct and proximate result of the extreme and outrageous conduct of Defendants as set forth above, A.J. has suffered severe emotional distress, requiring intensive psychiatric treatment.

76.     The extreme and outrageous conduct of Defendants, as set forth above, which was committed with a reckless indifference to the rights of A.J., warrant the imposition of punitive damages.

WHEREFORE, Plaintiff Rosemary Roussaw, as legal guardian of A.J., A Minor, demands judgment in her favor and against Defendants and requests an award of damages including, but not limited to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted by law and as this court deems just and appropriate.

16

## COUNT IV

**BREACH OF FIDUCIARY DUTY**
**Plaintiff v. All Individual Defendants**

77.     Plaintiff restates and realleges the above preceding paragraphs as though set forth here in full.

78.     A fiduciary relationship exists between the individual defendants and A.J., as the individual defendants exercise overmastering influence over A.J.

79.     A.J. was in a position of dependence and placed her trust in the individual defendants to maintain a safe and discrimination-free school environment.

80.     Individual Defendants had a fiduciary duty and obligation to act in the best interests of A.J., including but not limited to, not discriminating against A.J., ensuring A.J.'s safety at school and timely and appropriately responding to threats to A.J. safety.

81.     The Individual Defendants intentionally and recklessly breached their fiduciary duty to A.J. by knowingly discriminating against A.J., failing to ensure A.J.'s safety at school and failing to timely and appropriately respond to threats to A.J. safety and well-being, including the sexual assault and the distribution and publication of the video.

82.     A.J. suffered severe and permanent damages, all of which were foreseeable, as a result of Defendant's breach of fiduciary duty.

WHEREFORE, Plaintiff Rosemary Roussaw, as legal guardian of A.J., A Minor, demands judgment in her favor and against Defendants and requests an award of damages including, but not limited to compensatory damages, punitive damages, reasonable attorneys' fees and costs, and other relief as this court deems appropriate.

## JURY DEMAND

The Plaintiff demands trial by jury of all issues triable of right to a jury.

## <u>CERTIFICATION</u>

I hereby certify that Plaintiffs has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Respectfully Submitted,

**SCHATZ & STEINBERG, P.C.**

By:    /s/ Steven J. Schatz
      Steven J. Schatz, Esquire (Pa ID #84509)
      1500 JFK Boulevard, Suite 1300
      Philadelphia, PA 19102
      215-845-0250
      sschatz@s2firm.com

**THE PEARLMAN LAW FIRM, PLLC**

By:    /s/ Jason L. Pearlman
      Jason L. Pearlman, Esquire (Pa ID #93879)
      Two Bala Plaza, Suite 300
      Bala Cynwyd, PA 19004
      610-660-7793
      jpearlman@pearlmanlawfirm.com

DATED:  April 1, 2019

*Attorneys for Plaintiff Rosemary Roussaw as Legal Guardian of A.J., A Minor*