# EXHIBIT A



**DEASEY MAHONEY**
**& VALENTINI** LTD.
ATTORNEYS AT LAW

FRANCIS J. DEASEY
HARRY C. MAHONEY
GERALD J. VALENTINI
HENRI MARCEL‡
JOHN E. MORGENSTERN‡
ANDREW B. ADAIR
MATTHEW J. JUNK‡
ATHENA O. PAPPAS◊
RUFUS A. JENNINGS◊
BRIAN C. LEGROW‡

LAUREN M. STERN‡
LEANNA R. RUOTANEN‡O
CAROLYN A. WILLIAMS‡
ARMAND C. PACE, JR.
STEVEN K. DILIBERTO
BRIAN M. PEREZ†‡
CHRISTINE D. STEERE‡
CHRYSTALE D. HEWITT‡
FRANK P. MENAQUALE, JR.†
MICHAEL A. KINNEY
EDWARD J. HENRY‡
MATTHEW R. MILLON

† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
◊ ALSO MEMBER NY BAR
◊ ALSO MEMBER GA BAR
◊ ALSO MEMBER DE  BAR
◊ ALSO MEMBER TX  BAR

SUITE 3400
1601 MARKET STREET
PHILADELPHIA, PA 19103-2301
215-587-9400
FACSIMILE: 215-587-9456
WWW.DMVLAWFIRM.COM

DIRECT EMAIL: RJENNINGS@DMVLAWFIRM.COM
VOICE-MAIL EXTENSION #1178

OF COUNSEL:

FRANK C. BENDER
MICHAEL P. RAUSCH†
WILLIAM A. RUBERT†
GEORGE R. ZACHARKOW†
WARD A. RIVERS‡
CHRISTOPHER C. NEGRETE
PENELOPE B. O'CONNELL◊

NEW JERSEY OFFICE
923 HADDONFIELD ROAD; SUITE 300
CHERRY HILL, NJ  08002
856-429-0131
FACSIMILE: 856-429-6562

MEDIA OFFICE
SUITE 101
103 CHESLEY DRIVE
MEDIA, PA 19063
610-892-2732
FACSIMILE: 215-587-9456

August 23, 2019

*Via Email and First-Class Mail*

Steven Schatz, Esquire
**SCHATZ & STEINBERG, P.C.**
1500 John F. Kennedy Blvd.
Two Penn Center, Suite 1300
Philadelphia, PA 19102

Jason L. Pearlman, Esquire
**THE PEARLMAN LAW FIRM, PLLC**
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004

Re:   **Rosemary Roussaw v. Mastery Charter High School, et al.**
   **U.S. Eastern District of PA; No. 2:19-cv-01458-RBS**
   **Our File No. 743.27274**

Dear Counsel:

   Enclosed please find Defendants' written Answers and Objections to Plaintiff's Requests for Production of Documents. As you are aware, I have moved for a stay of all discovery, and that motion remains pending. If necessary, I will produce responsive documents within ten (10) days of either a denial of that motion for stay or resolution of the Motion for Judgment on the Pleadings.

   If you have any questions, please do not hesitate to call me.

   Very truly yours,

   **DEASEY, MAHONEY & VALENTINI, LTD.**

   By:   _____
   Rufus A. Jennings, Esquire

/st
Enclosure

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rosemary Roussaw, | : | |
| Plaintiff, | : | No. 2:19-cv-01458-RBS |
| v. | : | |
| Mastery Charter High School, *et al.*, | : | |
| Defendants. | : | |

### Defendants' Answers and Objections to Plaintiff's
### First Request for Production of Documents

*AND NOW*, comes Defendants, Mastery Charter High School, Mastery Charter School Pastorius-Richardson Elementary, Scott Gordon, Hillary Meserve, Eric Langston, and Michael Patron (hereinafter "Defendants") and respond to Plaintiff's First Request for Production of Documents as follows:

### General Objections

1.     Defendants object to Plaintiff's document requests to the extent that they seek discovery of information or materials which (i) are protected by the attorney-client privilege, (ii) were prepared or obtained in anticipation of litigation, (iii) were prepared or obtained for the benefit and at the direction of counsel, (iv) constitute work product or mental impressions of counsel, (v) are protected from disclosure by the self-evaluation privilege, the critical self-analysis privilege or the audit privilege, and/or (vi) are protected by any other applicable privilege.

2.     Defendants object to Plaintiff's document requests, including the instructions, to the extent that they seek information or materials beyond the scope of permissible discovery

under the Federal Rules of Civil Procedure, exceed the requirements of the Federal Rules of Evidence.

3.     Defendants object to Plaintiff's document requests to the extent that they ask Defendants to review public records, or to obtain information in those records, as those records are equally available to the Plaintiff. In particular, Defendants object to each document request to the extent that it seeks information already in the possession of Plaintiff, and/or is readily obtainable by Plaintiff from a source other than Defendants, that is more convenient, less burdensome and less expensive.

4.     Defendants object to Plaintiff's document requests to the extent that they seek information or documents previously provided to Plaintiff by Defendants or some other entity or party.

5.     Defendants object to Plaintiff's document requests to the extent that they seek information that addresses purely legal issues, contain legal conclusions or seek admissions of liability from Defendants.

6.     Defendants object to Plaintiff's document requests to the extent that discovery is continuing. These responses are offered without prejudice to Defendants' right to supplement these responses should more complete or additional information be developed through the course of additional investigation, analysis and discovery which may indicate that a response provided herein requires supplementation or amendment under the Federal Rules of Civil Procedure.

7.     Defendants object to Plaintiff's document requests to the extent that they seek the disclosure of private, proprietary, confidential, competitively sensitive trade secret information or sensitive financial information.

8.     Defendants object to Plaintiff's document requests to the extent that the information requested therein may be derived or ascertained from the documents themselves where the burden of deriving or ascertaining this information is substantially the same for Plaintiff as it is for Defendants.

9.     Defendants object to Plaintiff's document requests as they are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

10.     Defendants object to Plaintiff's document requests to the extent that providing answers in light of the Plaintiff's definitions and instructions would cause unreasonable burden.

11.     Defendants object to Plaintiff's document requests to the extent that they seek information and/or documents which are not relevant to the subject matter involved in this action, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportionate to the needs of this case.

12.     Defendants object to Plaintiff's document requests on the grounds that they are overly broad as to time and place.

13.     Defendants object to Plaintiff's document requests on the grounds that they seek discovery relating to entities other than the Pastorious-Richardson Elementary School.

Subject to and without waiver of the foregoing objections, Defendants object and answer as follows:

## Specific Objections and Responses

**Request for Production No. 1:** The entire claims and investigation file or files including all insurance policies of the defendant(s) (excluding reference to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or respecting strategy or tactical and privileged communications from counsel).

**Response:** All non-confidential and non-privileged documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 2:** Any and all documents relating to communications with your insurance carrier related to the subject matter of Plaintiff's Complaint.

**Response:** Defendants object to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiver of the foregoing objection, all non-confidential and non-privileged documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 3:** Any and all statements of any and all witnesses, including any statements of any employees and/or representatives of Defendants.

**Response:** Defendants object to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiver of the foregoing objection, all non-confidential and non-privileged documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 4:** All photographs, video and/or diagrams relating to the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:** None.

- 4 -

**Request for Production No. 5:**     Any and all documents containing the names and home and business addresses of all individual contacted as potential witnesses.

**Response:**     Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this case.  Subject to and without waiver of the foregoing objections, *see* Defendants' Initial Rule 26(a)(1)(A) Disclosures.

**Request for Production No. 6:**     Any and all documents relating to Defendant's contact and/or communications with the Philadelphia Police Department relating to the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**     All responsive documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 7:**     Any and all documents relating to interviews, contact and/or communications with students relating to the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**     Defendants object to this Request to the extent that it seeks documents that are protected from disclosure pursuant to the Family Educational Rights and Privacy Act.  Subject to and without waiver of the foregoing objection, all responsive documents will be produced.

**Request for Production No. 8:**     Any and all reports relating to the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**     All responsive documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 9:**     Any and all investigatory documents placed in the educational file for the student R.H.

**Response:**     Defendants object to this Request on the grounds that Defendants are prohibited from disclosing the documents sought pursuant to the Family Educational Rights and Privacy Act.

**Request for Production No. 10:**     Any and all documents relating to disciplinary action taken against the student R.H.

**Response:**     Defendants object to this Request on the grounds that Defendants are prohibited from disclosing the documents sought pursuant to the Family Educational Rights and Privacy Act.

**Request for Production No. 11:**     Any and all investigatory documents placed in the educational file for the student A.J.

**Response:**     A complete copy of A.J.'s educational and disciplinary file will be produced.

**Request for Production No. 12:**     Any and all documents related to the disciplinary action taken against the student A.J.

**Response:**     A complete copy of A.J.'s educational and disciplinary file will be produced.

**Request for Production No. 13:**     Reports of any and all experts who will testify at trial.

**Response:**     Defendants object to this Request on the grounds that it seeks information that is protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiver of the foregoing objections, Defendants will identify their

testifying experts pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order(s).

**Request for Production No. 14:**    Any and all Policies and/or Procedures relating to discrimination on the basis of sex, existing as of May 27, 2016.

**Response:**    All relevant and responsive policies relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 15:**    Any and all Policies and/or Procedures relating to student-on-student sexual harassment, existing as of May 27, 2016.

**Response:**    All relevant and responsive policies relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 16:**    Any and all Police and/or Procedures relating to Title IX, existing as of May 27, 2016.

**Response:**    All relevant and responsive policies relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 17:**    The Student's Handbook existing as of May 27, 2016.

**Response:**    All relevant and responsive policies relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 18:**    The Student Code of Conduct existing as of May 27, 2016.

**Response:**    All relevant and responsive policies relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 19:**    The Parent Handbook existing as of May 27, 2016.

**Response:**    All relevant and responsive policies relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 20:**    Any and all Employee Handbooks existing as of May 27, 2016.

**Response:**    Defendants object to this Request on the grounds that the documents sought are not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and disproportionate to the needs of this case.

**Request for Production No. 21:**    Any and all Social Worker Manuals existing as of May 27, 2016.

**Response:**    Defendants object to this Request on the grounds that the documents sought are not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and disproportionate to the needs of this case.

**Request for Production No. 22:**    Any and all Culture Guidebooks existing as of May 27, 2016.

**Response:**    Defendants object to this Request on the grounds that the documents sought are not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and disproportionate to the needs of this case.

**Request for Production No. 23:**    Any and all documents relating to any reported incidents or allegations of sexual harassment, sexual discrimination, sexual assault and/or hostile environment from 2008 to May 27, 2016.

- 8 -

**Response:**     Defendants object to this Request on the grounds that it seeks documents that are protected from discovery by the Family Educational Rights and Privacy Act. Defendants further object on the grounds that the Request is overly broad in temporal scope and as to the nature of documents requested. Subject to and without waiver of the foregoing objections, Defendants will produce non-privileged and non-confidential documents relating to incidents of sexual assault at the Pastorius-Richardson Elementary School in the five (5) years period prior to May 27, 2016.

**Request for Production No. 24:**     Any and all documents related to contact and/or communication with Plaintiff and/or A.J. related to the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**     All responsive documents will be produced.

**Request for Production No. 25:**     Any and all documents relating to sexual harassment, sexual discrimination, sexual assault and/or hostile environment complaints that have been brought to your attention (formally or informally) from 2008 to June of 2016.

**Response:**     Defendants object to this Request on the grounds that it seeks documents that are protected from discovery by the Family Educational Rights and Privacy Act. Defendants further object on the grounds that the Request is overly broad in temporal scope and as to the nature of documents requested. Subject to and without waiver of the foregoing objections, Defendants will produce non-privileged and non-confidential documents relating to incidents of sexual assault at the Pastorius-Richardson Elementary School in the five (5) years period prior to May 27, 2016.

**Request for Production No. 26:**   Any and all documents relating to Defendant's contact and/or communications with the Philadelphia Police Department relating to sexual harassment, sexual discrimination, sexual assault and/or hostile environment complaints that have been brought to your attention (formally or informally) from 2008 to June of 2016.

**Response:**   Defendants object to this Request on the grounds that it seeks documents that are protected from discovery by the Family Educational Rights and Privacy Act. Defendants further object on the grounds that the Request is overly broad in temporal scope and as to the nature of documents requested.   Subject to and without waiver of the foregoing objections, Defendants will produce all non-confidential and non-privileged documents relating to contacts with the Philadelphia Police Department concerning complaints of sexual assault at the Pastorius-Richardson Elementary School in the five (5) year period prior to May 27, 2016, upon the entry of an appropriate Protective Order.

**Request for Production No. 27:**   And any all documents relating to the role of law enforcement in the investigation of sexual harassment, sexual discrimination, sexual assault and/or hostile environment at Mastery from 2008 to June of 2016.

**Response:**   Defendants are not in possession, custody, or control of any responsive documents.

**Request for Production No. 28:**   Any and all documents relating to the meeting at the School on June 9, 2019 referenced in Paragraph 22 of Plaintiff's Complaint.

**Response:**   None. Defendants are unaware of any meeting held on June 9, 2019.

**Request for Production No. 29:**   Any and all documents relating to your conclusion that the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint was "consensual."

**Response:**   All responsive documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 30:**   Any and all documents relating to the investigation by the United State Department of Education, Office of Civil Rights arising from the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**   All responsive documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 31:**   Any and all documents relating to the Resolution Agreement between you and the United States Department of Education, Office of Civil Rights arising from the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**   All responsive documents will be produced upon the entry of an appropriate Protective Order.

**Request for Production No. 32:**   Please provide copies of the personnel files of Scott Gordon.

**Response:**   Defendants object to this Request on the grounds that the documents sought are private and confidential, and personnel files are not a proper subject of discovery in this matter. Defendants further object on the grounds that the Request is not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and disproportionate to the needs of this case.

**Request for Production No. 33:**   Please provide copies of the personnel files of Hillary Meserve.

**Response:**   Defendants object to this Request on the grounds that the documents sought are private and confidential, and personnel files are not a proper subject of discovery in this matter. Defendants further object on the grounds that the Request is not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and disproportionate to the needs of this case.

**Request for Production No. 34:**   Please provide copies of the personnel files of Eric Langston.

**Response:**   Defendants object to this Request on the grounds that the documents sought are private and confidential, and personnel files are not a proper subject of discovery in this matter. Defendants further object on the grounds that the Request is not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and disproportionate to the needs of this case.

**Request for Production No. 35:**   Please provide copies of the personnel files of Michael Patron.

**Response:**   Defendants object to this Request on the grounds that the documents sought are private and confidential, and personnel files are not a proper subject of discovery in this matter. Defendants further object on the grounds that the Request is not reasonably calculated to lead to the discovery of admissible evidence, not relevant to Plaintiff's claims, and disproportionate to the needs of this case.

**Request for Production No. 36:**   Any and all incident reports for the past ten years that have alleged negative conduct – no matter how de minimus – against of the Defendants. Also include

the results of any and all internal and external investigation reports and summaries involving any of the defendants, as well as, the resultant action or inaction taken as a result of said incident.

**Response:**   Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case. Defendants further object on the grounds that the Request seeks documents that are neither relevant to Plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, *see* Defendants' responses to Requests for Production Nos. 23 and 25.

**Request for Production No. 37:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

**Response:**   All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 38:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**   Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 39:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to Title IX as of May 27, 2016.

- 13 -

**Response:**   All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 40:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to Title IX from May 27, 2016 to the present.

**Response:**   Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 41:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to prevention of sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

**Response:**   All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 42:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to prevention of sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**   Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 43:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to investigation of sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

- 14 -

**Response:**   All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 44:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to investigation of sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**   Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 45:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to reporting incidents of sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

**Response:**   All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 46:**   Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to reporting incidents of sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**   Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 47:**    Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to training employees concerning sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

**Response:**    All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 48:**    Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to training employees concerning sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**    Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 49:**    Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to prevention of incidents of sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

**Response:**    All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 50:**    Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to prevention of incidents of sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**    Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 51:**     Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to identification of incidents of sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

**Response:**     All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 52:**     Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to identification of incidents of sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**     Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 53:**     Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to providing counseling services for victims of sexual harassment, sexual discrimination and/or sexual assault as of May 27, 2016.

**Response:**     All responsive documents relating to Pastorius-Richardson Elementary School will be produced.

**Request for Production No. 54:**     Any and all documents relating to your policies, rules, customs, procedures and/or practices relating to providing counseling services for victims of sexual harassment, sexual discrimination and/or sexual assault from May 27, 2016 to the present.

**Response:**     Defendants object to this Request on the grounds that it seeks documents that are not relevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of the case.

**Request for Production No. 55:**     Produce a copy of any evidence you intend to use at the trial of this action.

**Response:**     Defendants object to this Request on the grounds that is seeks information that is protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiver of the foregoing objections, Defendants will identify and produce copies of their trial exhibits pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order(s).

**Request for Production No. 56:**     Produce the entire investigation file of the matter which is the subject matter of this Complaint, including, but not limited to, all inter-office memoranda, hand-written notes, official reports, evidence tags, test results, chain of custody documents, etc.

**Response:**     Defendants object to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiver of the foregoing objection, all responsive documents will be produced.

**Request for Production No. 57:**     Produce all insurance contracts or indemnification agreements, policies and practices which may be in effect to satisfy any judgment in the matter including any judgment or provides the cost of defense in any lawsuit against Defendants for cost of defense, attorney's fees, compensatory damages, punitive damages and/or exemplary damages.

**Response:**     *See* Defendants' response to Request No. 1.

**Request for Production No. 58:**     Any transcripts relating to the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**     None.

**Request for Production No. 59:**     Please produce the entire file or investigation of any prior claim(s) or complaint(s) made against Defendants and/or Defendant's employees or representatives relating to incidents of sexual harassment, sexual discrimination and/or sexual assault prior to May 27, 2016.

**Response:**     Defendants object to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. Defendants further object on the grounds that the Request is overly broad, unduly burdensome, seeks documents that are irrelevant to Plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and not proportionate to the needs of this case. Subject to and without waiver of the foregoing objection, Defendants will produce non-privileged and non-confidential documents relating to incidents of sexual assault at the Pastorius-Richardson Elementary School in the five (5) year period prior to May 27, 2016.

**Request for Production No. 60:**     Any and all records or documents relating to the medical attention and/or treatment received by A.J. relating to the incident of May 27, 2016 that is the subject matter of Plaintiff's Complaint.

**Response:**     None.

**Request for Production No. 61:**   Any and all reports, writings, and/or documentation produced and/or prepared by an expert witness or supplied to any expert witness who may be called to testify at the trial of this action.

**Response:**   Defendants object to this Request on the grounds that it seeks information that is protected from discovery by the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiver of the foregoing objections, Defendants will identify their testifying experts pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order(s).

DEASEY, MAHONEY & VALENTINI, LTD.

By: _____
Rufus A. Jennings, Esquire

Date: 8/23/19

- 20 -

<u>**Certificate of Service**</u>

I, Rufus A. Jennings, hereby certify that on the date set forth below, I did cause a true and correct copy of Defendants' Answers and Objections to Plaintiff's First Request for Production of Documents to be served on the following individual via email and first-class mail:

Steven Schatz, Esquire
**SCHATZ & STEINBERG, P.C.**
1500 John F. Kennedy Blvd.
Two Penn Center, Suite 1300
Philadelphia, PA 19102

Jason L. Pearlman, Esquire
**THE PEARLMAN LAW FIRM, PLLC**
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004

Rufus A. Jennings, Esquire

Date: 8/23/19