IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.J. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 19-1458 |
| MASTERY CHARTER | : | |
| HIGH SCHOOL, ET AL. | : | |

**O R D E R**

**AND NOW**, this 17th day of May 2022, upon consideration of Plaintiff's Motion to Compel and for Sanctions (ECF No. 68) and Defendants' response in opposition thereto (ECF No. 69), it is **ORDERED** as follows:[1]

1. Defendants are **DIRECTED** to file a response within fourteen (14) days of this Order that addresses Plaintiff's contentions in paragraphs 14 through 17 of her Motion to Compel and for Sanctions. (ECF No. 68.) Defendants' response should address whether the incident report at Bates Mastery Roussaw0912 is the same document that is referred to as the "E-Schools report" on page 17 of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel. (ECF No. 62 at 17.) In addition, Defendants' response should include a citation to the record for the two paragraphs that appear in Defendants' Memorandum of Law but not in Bates Mastery Roussaw0912, as discussed further in the footnote to this Order. Defendants should also include the document that is the source of the three paragraphs from Defendants' Memorandum of Law (ECF No. 62 at 17) as an attachment to their forthcoming response.

2. Plaintiff may file a reply to Defendants' response no later than seven (7) days after Defendants' file their response.

**IT IS SO ORDERED.**

BY THE COURT:


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

¹ This case arises out of an alleged sexual assault of a 7th grade student by another student inside an elementary school in Philadelphia. We previously entered an order on a discovery dispute in this matter in December of 2021. (ECF No. 63.) Pursuant to that order, Defendants produced fifteen additional documents in January of 2022. These documents appear to be from an internal reporting system that the school uses to record behavioral incidents. The fifteen documents provide brief descriptions of incidents of misconduct of a sexual nature that occurred at the school between January 1, 2013, and June 30, 2016.

Plaintiff asserts that Defendants' production did not fully comply with our order. After some discussion with opposing counsel, Plaintiff filed a Motion to Compel and for Sanctions. (ECF No. 68.) Defendants filed an opposition, arguing that they have produced everything they have, and nothing more exists in their possession, custody, or control. (ECF No. 69 at 2-4.) Defendants also state that counsel "has confirmed that all information relating to the incidents is included in these reports." (*Id.* at 4.)

Though Defendants offer a reasonable explanation as to why there are not more responsive documents—namely the passage of time and the fact that the students in the incidents were no longer enrolled at the school at the time of Plaintiff's lawsuit—Plaintiff points to a discrepancy between information in Defendants' production and in one of Defendants' prior filings that requires further explanation. In Defendants' opposition to Plaintiff's first motion to compel, Defendants argued that Plaintiff's requests were irrelevant and not proportional to the needs of the case. (ECF No. 62 at 16-17.) As an example of the claimed irrelevance, Defendants stated that the incident reports in their "E-Schools system . . . do not have any details of the investigation or conclusions," and that "the E-Schools report for the incident with A.J. and R.H.[] states[:]

> AJ and RH are on camera having sex in the auditorium. RH recorded himself having sex with AJ. Afterwards, RH showed MD the video. MD sent the video to her phone from RH's phone. MD sent that video to multiple students.
>
> During the meeting with the families and police; the guardian of AJ asked Mr. Langston to see the video footage. After viewing the footage, AJ's guardian then asked for me to send her the video. While the police stood there, Mr. Langston sent her the footage, and was then instructed by the police to delete the footage.
>
> Although AJ was suspended, she was invited in the building to take her last benchmarks, and her guardian refused to let her enter the building.

(*Id.* at 17.)

      Defendants included a footnote after the above three paragraphs that attributed the paragraphs to a "Discipline Report, attached hereto as Exhibit 'J.'" (*Id*.) But Defendants did not include any exhibits with their filing. (*Id*.) In addition to not including the supposed "Discipline Report" as an exhibit, Defendants' attribution in the footnote is confusing because the sentence preceding the paragraphs says they come from "the E-Schools report," not a "Discipline Report." (*Id*.)

      Plaintiff raises an additional problem with respect to the above-quoted paragraphs from Defendants' previous filing: Defendants' production of the report for the incident between A.J. and R.H. (Mastery Roussaw0912) matches the first of the three paragraphs, but it omits the other two. Plaintiff understandably questions where the information in the other two paragraphs comes from. Defendants are therefore directed to file a response within fourteen (14) days of this Order that explains this discrepancy, includes a citation to the source of this information in Defendants' production, and attaches a copy of the source document for the three paragraphs quoted on page 17 of Defendants' Memorandum opposing Plaintiff's first motion to compel (ECF No. 62).